UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN PALMER | CIVIL ACTION |
| VERSUS | NO. 24-2706 |
| FAMILY DOLLAR STORES OF LOUISIANA, LLC, *et al.* | SECTION M (3) |

### ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Family Dollar Stores of Louisiana, LLC ("Family Dollar").[1] Plaintiff Gwendolyn Palmer responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

I.  BACKGROUND

This matter concerns a slip-and-fall in a retail store. Palmer filed this case in Louisiana state court alleging that, on August 17, 2023, she slipped and fell in a Family Dollar store in New Orleans, Louisiana.[3] According to Palmer, she walked down an aisle, turned a corner, and then slipped and fell on a wet floor that was being mopped by a Family Dollar employee.[4] She claims that there were no "wet floor" signs out in the area where the employee was mopping or in the aisle from which she turned.[5] Palmer alleges that Family Dollar's failure to exercise reasonable care caused the accident.[6] Palmer further alleges that she sustained "severe injuries" to her "muscles, ligaments, tendons, blood vessels and other structures of her body" and the aggravation

---

[1] R. Doc. 15.
[2] R. Doc. 19.
[3] R. Doc. 1-4 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 3.

of preexisting conditions, as well as mental anguish, all requiring medical care.[7] Family Dollar removed the suit to this Court asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[8]

## II.     PENDING MOTION

Family Dollar moves for summary judgment, arguing that there is no evidence that it failed to use reasonable care to prevent a slip-and-fall accident.[9] Family Dollar supports its argument with the affidavit of Wiffard Braud, an employee on duty at the time of the accident, who attests that there were five wet floor signs in the area where the employee was mopping on the day of Palmer's accident.[10]

In opposition, Palmer states that she did not see any "wet floor" signs from the time she entered the store until her accident.[11] She also claims that there is a surveillance video which does not show any "wet floor" signs.[12]

## III.    ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[7] *Id.* at 3-4.
[8] R. Doc. 1 at 1-5.
[9] R. Doc. 15.
[10] R. Doc. 15-2 at 1-2, 5 (citing R. Doc. 15-3).
[11] R. Doc. 19 at 1.
[12] *Id.* at 2-3.

and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**B. Premises Liability**

Louisiana's Merchant Liability Act provides that "[i]n a negligence claim brought against a merchant ... because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following: (1) The condition presented an unreasonable risk of harm to the claimant and that risk was reasonably foreseeable. (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. (3) The merchant failed to exercise reasonable care." La. R.S. 9:2800.6(B). Louisiana appellate courts have held that premises owners exercise reasonable care when they place "wet floor" signs in areas being mopped. *See Mays v. Circle K Stores, Inc.*, 2014 WL 1175384 (La. App. Mar. 24, 2014); *Queen v. Woman's Hosp. Found.*, 265 So. 3d 1 (La. App. 2018); *Lee v. Ryan's Fam. Steak Houses, Inc.*, 960 So. 2d 1042 (La. App. 2007).

Family Dollar supports its motion with Braud's affidavit in which he attests that there were five "wet floor" signs present when the employee was mopping the floor, Palmer disregarded those signs, and she "allegedly fell in the area that was obviously still wet from mopping."[13] He also states that, in the surveillance footage of the incident, "it appears [that Palmer] just sat on the floor rather than slipped."[14] Family Dollar did not attach the surveillance footage to its motion.

In her opposition, Palmer says that she did not see any "wet floor" signs and that the surveillance video does not show any.[15] Palmer did not attach the surveillance video, a sworn affidavit, or any other evidence to her opposition.

The Court is mindful that Palmer represents herself. A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and abide by the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law"). "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there." *See Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

Rule 56(c) "permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial." *Patel v. Tex.*

---

[13] R. Doc. 15-3 at 1-2.
[14] *Id.* at 2.
[15] R. Doc. 19 at 1-2.

5

*Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019). "But whether presented by affidavit or unsworn declaration, statements must be based on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated in the affidavit." *Primus v. Paretti*, 2025 WL 1336307, at *2 (E.D. La. Apr. 18, 2025) (citing Fed. R. Civ. P. 56(c)(4)), *adopted*, 2025 WL 1328708 (E.D. La. May 7, 2025). "At the summary judgment stage, evidence relied upon need not be presented in admissible form, but it must be capable of being presented in a form that would be admissible in evidence." *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018) (quotation and emphasis omitted). "Neither legal conclusions nor statements made without personal knowledge are capable of being so presented." *Id.* (citing Fed. R. Evid. 602, 701, 702).

The statements Palmer relies upon in her opposition are based on her personal knowledge of the event and that of her "witness." Although not now in admissible form, these statements are capable of being presented at trial through Palmer's testimony and that of her witness. Also, both sides cite the same surveillance footage, and describe its contents differently, but neither side submitted it to the Court for consideration. As such, there are disputed issues of material fact that preclude summary judgment.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Family Dollar's motion for summary judgment (R. Doc. 15) is DENIED.

IT IS FURTHER ORDERED that Palmer's motion for time to find replacement counsel (R. Doc. 18) is DENIED.[16]

---

[16] Palmer filed a motion that essentially asks for a second continuance of the submission date on Family Dollar's motion for summary judgment to allow her additional time to find counsel. R. Doc. 18. Family Dollar

New Orleans, Louisiana, this 18th day of September, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

opposes the motion.  R. Doc. 20.  Palmer's counsel withdrew on June 5, 2025.  R. Docs. 13; 14.  Family Dollar filed its motion for summary judgment on July 21, 2025, and set it for submission on September 4, 2025.  R. Doc. 15.  On August 4, 2024, Palmer asked for an extension of time to find counsel.  R. Doc. 17.  This Court granted the motion and continued the submission date of Family Dollar's summary-judgment motion to September 18, 2025.  R. Doc. 17. Palmer did not find counsel, but did oppose the motion.  R. Doc. 20.  Palmer has had more than three months to find counsel in a district full of personal injury lawyers.  And Palmer has demonstrated a reasonable ability to represent herself in this matter, as reflected by the outcome on Family Dollar's summary-judgment motion.  Consequently, the Court sees no reason to grant any additional extensions or continuances.